## Soley v. Nelson

*Robert Harris* and *Howard Miller*, for plaintiff.

*James Bohorad* and *Howard J. Stutzman*, for defendant.

PALMER, P. J., May 2, 1955.—Plaintiff, John Soley, filed a complaint in an action of trespass on August 11, 1954. Defendant, Alfred E. Nelson, trading as South Anthracite Trade Schools, entered preliminary objections to the complaint on August 30, 1954.

Plaintiff, a male adult, sustained injuries to his hand while operating a circular rip saw when attending defendant's trade school as a student.

The first preliminary objection of defendant is that the complaint is insufficient in a number of averments relating to the negligence of defendant. We shall con-

sider first the second preliminary objection which is in the form of a demurrer.

Plaintiff avers in paragraph 8 of his complaint that defendant was negligent in failing to comply with the Act of Assembly of May 18, 1937, P. L. 654, an act providing that the Department of Labor and Industry of the Commonwealth of Pennsylvania shall have the right to formulate rules and regulations for the safeguarding of employes by requiring employers to provide various safety devices for dangerous machinery, the alleged act of negligence being that defendant did not provide safety guards for his saw as required by the Department of Labor and Industry under the authority granted it by the statute.

Defendant contends that plaintiff does not set forth a valid cause of action as the Act of 1937, supra, is a statute relating to employer and employe relationships exclusively and has no application when the relationship between the parties is that of student and teacher or student and school operator. This is the basis of defendant's demurrer.

The title to the Act of May 18, 1937, P. L. 654, is as follows:

"To provide for the safety and to protect the health and morals of persons while employed; prescribing certain regulations and restrictions concerning places where persons are employed, and the equipment, apparatus, devices and machinery used therein; prescribing certain powers and duties of the Department of Labor and Industry relative to the enforcement of this act; and fixing penalties."

Section 1 of the act further defines the type of "establishment" to which the act is applicable.

"The term 'establishment' shall mean any room, building or place within this Commonwealth where persons are employed or permitted to work for compensation of any kind to whomever payable, except

farms or private dwellings, and shall include those owned or under the control of the Commonwealth, and any political subdivision thereof, as well as school districts."

The statute is broad in its coverage of various types of establishments, but is clearly limited to places where persons work for compensation. Plaintiff, throughout his complaint, avers that he was a student at defendant's school, which is a school approved by the Department of Public Instruction of the Commonwealth of Pennsylvania, and the Veterans Administration as a trade school. Plaintiff does not aver that he was an employe of defendant or that he received any compensation from him. The act being clearly applicable to employes and not to students, defendant's demurrer must be sustained.

And now, May 2, 1955, defendant's demurrer to plaintiff's complaint is sustained without prejudice to plaintiff's right to file an amended complaint within 20 days from this date.

And now, May 2, 1955, on motion of Messrs. Harris and Miller, an exception is allowed.